**U.S. DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Patrick Collins, Inc.** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )  Case Number 1:11-cv-00058-RMU-JMF |
| | ) |
| **DOES 1 – 72** | ) |
| | ) |
|     **Defendants.** | ) |
| _____ | ) |

**MOTION FOR LEAVE TO TAKE *ADDITIONAL* DISCOVERY
PRIOR TO RULE 26(f) CONFERENCE; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**

    Plaintiff, by counsel, pursuant to the Federal Rules of Civil Procedure, respectfully moves this Court for leave to take additional discovery through the issuance of subpoenas to any ISPs for which Plaintiff has or will identify as the service provider to a customer using such ISP for the purpose of downloading the Plaintiff's copyright protected material prior to the Rule 26(f) conference for the reasons stated in its accompanying Memorandum of Points and Authorities filed contemporaneously herewith.  Plaintiff requests a hearing on this matter, if necessary, on an expedited basis.

**DATED**:  August 23, 2011

                                                         Respectfully submitted,

                                                         Patrick Collins, Inc.

                                                         By Counsel

By:

/s/_____
Ellis L. Bennett, Bar #479059
Dunlap Grubb & Weaver, PLLC
199 Liberty Street, SW
Leesburg, VA 20175
ebennett@dglegal.com
703-777-7319 (telephone)
703-777-3656 (fax)


On Behalf of Kenneth J. Ford, *Not Admitted*
Adult Copyright Company
322 W. Washington Street, Suite 8
Charles Town, WV 25414
kford@adultcopyrightcompany.com
304-945-0288 (telephone)
304-945-0288 (select fax option)

*Attorney for the Plaintiff*

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO TAKE *ADDITIONAL* DISCOVERY PRIOR TO RULE 26(f) CONFERENCE**

Plaintiff Patrick Collins, Inc., by counsel and pursuant to Local Civil Rule 7(b), hereby submits this Memorandum of Points and Authorities in Support of its Motion for Leave to Take Additional Discovery Prior to Rule 26(f) Conference.

RELEVANT FACTS

On January 10, 2011, Plaintiff, a film-maker and motion picture copyright holder, filed a Complaint (Docket Number 1) to stop Defendants from copying and distributing to others over the Internet unauthorized copies (files) of its copyrighted motion picture, "Massive Asses 5" (the "Movie" or "Motion Picture").  On January 26, 2011, Plaintiff filed a Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Doc. No. 3), seeking leave to serve Rule 45 subpoenas to several internet service providers ("ISPs") to identify the John Doe defendants herein.  In the second paragraph of the memorandum of points and authorities in support of Plaintiff's Motion, Plaintiff specifically requested the discovery "to determine the true identities of the Doe Defendants [set forth on Exhibit A] to the Complaint, as well as any other infringers that Plaintiff identifies during the course of this litigation, since Plaintiff's infringement monitoring efforts are on-going and continuing."

On June 28, 2011, the Court issued its Memorandum Order (Doc. No. 12), granting the Plaintiff leave to serve the requested subpoenas on the relevant ISPs. Paragraph 1 of the Conclusion to the Court's June 28, 2011 Memorandum Order provides:  "Plaintiff may forthwith serve Rule 45 subpoenas on the ISPs identified in [#1-

1], seeking the individual's name, current and permanent address, telephone number, e-mail address, and MAC." *Id.* Plaintiff has subsequently filed its First Amended Complaint (Doc. No. 15).

Accordingly, Plaintiff respectfully submits this Motion for Leave to Take Additional Discovery Prior to Rule 26(f) Conference in order to conduct discovery on all possible Doe Defendants in this case, including those Plaintiff has been able to identify by IP address in its First Amended Complaint.

ARGUMENT

As more fully detailed in the complaint and Plaintiff's initial Motion for Leave to Take Discovery Prior to Rule 26(f), which is incorporated herein by reference, Plaintiff is a film-maker and motion picture copyright holder who has filed its complaint to stop Defendants from copying and distributing to others over the Internet unauthorized copies (files) of the motion pictures for which Plaintiff holds the exclusive copyright. Using so-called "peer-to-peer" ("P2P") file "swapping" networks, Defendants' infringements allow them and untold others unlawfully to obtain and distribute for free the copyrighted Motion Picture that Plaintiff invested substantial sums of money to obtain the copyright, licensing, and distribution rights.

Plaintiff sued Defendants as "Doe" Defendants because Defendants committed their infringements using on-line pseudonyms ("user names" or "network names"), not their true names. However, as explained in Plaintiff's original Motion for Discovery, Plaintiff is able to identify potential Doe Defendants by a unique Internet Protocol ("IP") address assigned to each Defendant by his/her Internet Service Provider ("ISP") on the

date and at the time of the Defendant's infringing activity.  At the time it filed its original Complaint, Plaintiff had been able to identify at least several IP addresses for the Doe Defendants, which Plaintiff included as Exhibit A to its Complaint.

Plaintiff has continued its infringement monitoring efforts because the infringement of Plaintiff's Motion Picture is on-going and continuing.  Through this continued monitoring, Plaintiff has identified additional Doe Defendants that have infringed Plaintiff's Motion Picture. However, again, for the reasons set forth in Plaintiff's original Motion for Discovery, the only way that Plaintiff can determine Defendants' actual names is from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business but not otherwise available to Plaintiff.

## CONCLUSION

The infringement of Plaintiff's Motion Picture is ongoing and continuous.  However, Plaintiff cannot determine the true identity of any new Doe Defendant infringers without serving subpoenas on the appropriate ISPs.  Therefore, Plaintiff seeks leave of Court to serve limited discovery prior to a Rule 26(f) conference on the non-party ISPs solely to determine the true identities of the Doe Defendants, as well as any other infringers that Plaintiff identifies during the course of this litigation, including those identified in Plaintiff's First Amended Complaint.

**DATED**:  August 23, 2011

Respectfully submitted,

Patrick Collins, Inc.

By Counsel

By:

/s/_____
Ellis L. Bennett, Bar #479059
Dunlap Grubb & Weaver, PLLC
199 Liberty Street, SW
Leesburg, VA 20175
ebennett@dglegal.com
703-777-7319 (telephone)
703-777-3656 (fax)


On Behalf of Kenneth J. Ford,
*Not Admitted* Adult Copyright Company
322 W. Washington Street, Suite 8
Charles Town, WV 25414
kford@adultcopyrightcompany.com
304-945-0288 (telephone)
304-945-0288 (select fax option)

*Attorney for the Plaintiff*